UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICIA SCHWEND, now known as  )
PATRICIA SCHWEND-               )
MCCUMMISKEY,                    )
                                )
          Plaintiff,            )
                                )
     vs.                        )          Case No. 4: 10 CV 1590 CDP
                                )
US BANK, N.A., et al.,          )
                                )
          Defendants.           )

## MEMORANDUM AND ORDER

Plaintiff Patricia Schwend filed this wrongful foreclosure action in Missouri
state court to set aside defendants' foreclosure of her house, claiming that she was
never in default and that defendants lacked standing to foreclose.  She also claims
that defendants defamed her and intentionally interfered with her credit
expectancies by wrongfully declaring that she was in default.  Defendants
removed the case based on the parties' diversity of citizenship and now move to
dismiss her complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for
relief.  For the reasons that follow, I will deny their motion.

## Background

According to her complaint, plaintiff Patricia Schwend owned a residence in
Cedar Hill, Missouri.  Schwend secured the purchase of her residence with

financing from non-party Argent Mortgage Company, LLC, secured by a deed of trust.  On November 3, 2008, Schwend received a letter from defendant Wells Fargo Mortgage through its agent, defendant America's Servicing Company, stating that she was in default for her November 2008 and December 2008 mortgage payments.  Attached to the letter was a Special Forbearance Agreement, which defendants encouraged Schwend to sign to avoid foreclosure.  Schwend alleges that she was not in default, and timely made both the November and December payments.  According to her complaint, the proposed forbearance agreement represented that her future payments would be reduced, but actually increased the amount of her required payments.

Schwend nevertheless signed the forbearance agreement, and later sought modification of her loan.  She alleges that defendants' agent told her to cease payments in order to qualify for a modification, and that she did so.  Defendants then told her she did not qualify for modification and foreclosed.

## Discussion

Citing Fed. R. Civ. P. 12(b)(6), defendants move to dismiss Schwend's complaint, contending Schwend has admitted that she was in default on her loan payments in 2009, and so cannot claim that defendants wrongfully foreclosed on her property, defamed her, or wrongfully interfered with her credit expectancies. Schwend responds by pointing to the factual allegations in her complaint, which

are that defendants: (1) misled Schwend into signing the forbearance agreement in 2008 when she was not in default; (2) later told her to stop making payments so that her loan could be modified; and (3) foreclosed using documents that do not reveal a chain of title between the original lender and the foreclosing defendant.  I agree with Schwend that her complaint's factual allegations state claims for relief. There are significant factual disputes in this matter that preclude dismissal.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  In considering a 12(b)(6) motion, I must assume the factual allegations of Schwend's complaint are true and construe them in favor of Schwend.  *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires a complaint to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ."  550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face."  *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1949; *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010).

Under Missouri law, a plaintiff may bring a wrongful foreclosure action either as a suit in equity to set aside the sale, or as a suit at law to recover money damages. *Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortg.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008).  Here, Schwend attempts to invoke the Court's equity powers to set aside the sale.  A court may set aside a foreclosure sale as invalid "when a circumstance denies the mortgagee the right to cause the power of sale to be exercised," such as: (1) when the person causing the foreclosure does not actually hold title to the note; (2) when the mortgagor has not defaulted at the time of the first publication of the notice of sale.  *See Graham v. Oliver*, 659 S.W.2d 601, 603-04 (Mo. Ct. App. 1983); *see also Williams v. Kimes*, 996 S.W.2d 43, 45 (Mo. 1999) (en banc) (courts may set aside a foreclosure sale as void when a "defect is so great that it goes to the very right or power to foreclose.").  Additionally, a court may set aside a foreclosure sale because of substantial irregularities involved in the sale, such as fraud, mistake, or unfair dealing.  *See, e.g., Macon-Atlanta State Bank v. Gall*, 666 S.W.2d 934, 940 (Mo. Ct. App. 1984); *see also Kennon v. Camp*, 353 S.W.2d 693, 695 (Mo. 1962) (wrongful foreclosure when defendant failed to provide the plaintiff with notice of the foreclosure sale).

After reviewing her complaint and the attachments to defendants' removal petition and motion, I conclude that Schwend has alleged sufficient facts to state a

claim that is plausible on its face.   Specifically, Schwend alleges that she was not in default on her November and December 2008 payments when she signed the forbearance agreement.  She alleges that the forbearance agreement required her to make larger monthly payments than she was required to make under her original note, in violation of that note.  Accordingly, she has alleged sufficient facts for me to question the validity of the forbearance agreement.  *See Macon-Atlanta State Bank*, 666 S.W.2d at 940 (mortgagor can invoke the aid of equity to set aside a foreclosure sale because of fraud, unfair dealing, or mistake); *cf.  Spires v. Lawless*, 493 S.W.2d 65, 74 (Mo. Ct. App. 1973).  Moreover, Schwend alleges that defendants wrongfully directed her to stop making loan repayments in 2009 in order to qualify for a loan modification.  Although I recognize that this claim might run afoul of the statute of frauds, *see* Mo. Stat. Ann. § 432.045, defendants' alleged misrepresentations may form a basis under Missouri law for setting aside the foreclosure sale.  *See Macon-Atlanta State Bank*, 666 S.W.2d at 940.

Additionally, based on the record now before me, there is no evidence that defendants had the power to foreclose upon Schwend's property.  The original deed of trust lists Lenders Management Corp. as the trustee, but defendant U.S. Bank, through its agent Kozeny & McCubbin,  foreclosed on Schwend's property in 2009.  The Appointment of Successor Trustee form lists the grantor as:

> US Bank, National Association as Trustee, successor-in-interest to
> Wachovia Bank, N.A. Pooling and Servicing Agreement dated as of

> November 1, 2004. Asset-Backed Pass-Through Certificates Series
> 2004-WWF1

As plaintiff points out, it is not at all clear who US Bank was a successor to, since

"Wachovia Bank, N.A. Pooling and Servicing Agreement dated as of November 1,

2004. Asset-Backed Pass-Though Certificates Series 2004-WWF1" does not

appear to refer to an entity who could be a trustee or security holder, but rather

appears to refer to an agreement of some sort.  More importantly, there is nothing

in the record to show how US Bank, Wachovia Bank, or "Pooling and Servicing

Agreement dated as of November 1, 2004" came to be the holder of this note.  As

noted above, the original lender shown in the Deed of Trust is Argent Mortgage

Company LLC and the original trustee is Lenders Management Corp.  The

forbearance agreement that Schwend later signed is with America's Servicing

Company.  From the record here it is not at all clear that US Bank was the lawful

holder of the note with the power to foreclose, and if it was not, the claim for

wrongful foreclosure is more than plausible.  *See, e.g., Cobe v. Lovan*, 92 S.W. 93,

97 (Mo. 1906) (foreclosure sale void when foreclosing defendant did not hold title

to the note).

Defendants' motion also fails to the extent it is directed to Schwend's

Counts II and III, because those claims also depend on whether Schwend was in

default.  In Count II Schwend asserts that defendants defamed her and in Count III

she alleges they intentionally interfered with her credit expectancies by declaring

her in default.  Because Schwend has adequately alleged that she was not in default, I cannot dismiss her claims for defamation or for intentional interference.

All of Schwend's claims remain, and defendants are reminded of their obligation to file responsive pleadings within the time set by the Rules.  This case will be set for a Scheduling Conference pursuant to Fed. R. Civ. P. 16 by a separate Order.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#12] is denied.


_____

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2010.