UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA SCHWEND, now known as PATRICIA SCHWEND-MCCUMMISKEY,<br><br>Plaintiff,<br><br>vs.<br><br>US BANK, N.A., et al.,<br><br>Defendants. | Case No. 4:10CV1590 CDP |

# MEMORANDUM AND ORDER

Pending before me is plaintiff Patricia Schwend's motion to strike portions of defendants' answer pursuant to Fed. R. Civ. P. 12(f). Schwend contends I should strike as impertinent portions of defendants' answer in which they admit that Schwend failed to make monthly payments on her loan, because, Schwend argues, she never alleged that she failed to make such payments in her complaint. Defendants respond that her motion must be denied, because whether Schwend made these payments is a relevant issue in this wrongful foreclosure action. I agree with defendants, and I will deny Schwend's motion.

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Although the Court enjoys "broad discretion" in

determining whether to strike a party's pleadings, such an action is "an extreme measure." *Stansbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Accordingly, motions to strike are "viewed with disfavor and are infrequently granted." *Id.* (internal quotation marks and citations omitted). A motion to strike will not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances, or is immaterial in that it has no essential or important relationship to the claim for relief." *Federal Deposit Ins. Corp.*, 720 F. Supp. 748, 750 (E.D. Mo. 1989) (internal quotations and citations omitted). Courts have defined allegations or defenses as "impertinent" when they "do not pertain, and are not necessary to the issues in question." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures*, § 1382 (3d ed. 2004).

Here, the issue of whether Schwend failed to make her monthly loan payments is relevant to the ultimate issue of whether defendants wrongfully foreclosed on her property. *See, e.g., Williams v. Kimes*, 996 S.W.2d 43, 45 (Mo. 1999) (en banc). Accordingly, I cannot conclude that defendants' assertion that Schwend failed to make these payments is impertinent, or that this defense cannot succeed under any circumstances. At most, defendants' assertions are mislabeled affirmative defenses, and I will not strike them for that reason. *Cf.* Wright & Miller, *supra*, § 1381 ("However, a motion to strike is unnecessary to correct a misdesignation, as is made clear by the provision in Rule 8(c) allowing a

counterclaim improperly designated as a defense to be treated, on terns, as if it were properly labeled.").

For these reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike [#22] is denied.

                                                          CATHERINE D. PERRY
                                                          UNITED STATES DISTRICT JUDGE

Dated this 12th day of January, 2011.