UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICIA SCHWEND, n/k/a,               )
PATRICIA SCHWEND-                      )
McCUMMISKEY,                           )
                                       )
        Plaintiff,                     )
                                       )
    vs.                                )      Case No. 4:10CV1590 CDP
                                       )
U.S. BANK, N.A., et al.,               )
                                       )
        Defendants.                    )

## MEMORANDUM AND ORDER

This wrongful foreclosure action is brought by Patricia Schwend-

McCumiskey against U.S. Bank, N.A., Wells Fargo Home Mortgage Inc., d/b/a

America's Servicing Company, Wachovia Bank, N.A., and Asset-Backed-Pass-

Through Certificates Series 2004-WWF1.  Schwend-McCummiskey alleges that

defendants' execution of a foreclosure on her home was improper, arguing that she

was not in default on her payments, she only stopped her payments because she

was deceitfully instructed to do so by defendants, and defendants did not have the

right to foreclose.  Schwend-McCummiskey now moves to amend her complaint

into a class action complaint on behalf of all Missouri individuals who were

foreclosed upon by defendants under the same Pooling and Servicing Agreement

(PSA) to which her loan was subject.  Defendants argue that amendment would be futile, and should therefore be denied.  Because Schwend-McCummiskey acted with diligence in filing her motion, the amendment does not unfairly prejudice defendants, and I cannot presently conclude that amendment would be futile, I will grant her motion to amend to a class complaint.

## Background

Defendants removed this case to district court on August 27, 2010.  The Rule 16 scheduling conference was held on January 20, 2011.  The case management order established a February 22, 2011 deadline for amending pleadings, a discovery deadline of September 12, 2011,[1] and a dispositive motion deadline of September 16, 2011.  In April of 2011, defendants produced the promissory note for Schwend-McCummiskey's loan.  Schwend-McCummiskey alleges that defendants' April disclosures first revealed that the manner in which defendants foreclosed applied to all foreclosures under the same PSA.  Schwend-McCummiskey requested a copy of the PSA, but did not receive it until June 2, 2011, and then only received an unsigned copy.  A signed copy of the PSA has yet to be produced by defendants.

---

[1]The discovery deadline was originally set as September 1, 2011, but was changed to September 12 in an amended case management order issued on May 5, 2011.

In June of 2011, Schwend-McCummiskey indicated that she would be filing a motion to amend, and on June 29 I issued an order suspending all deadlines and staying all discovery in the case pending resolution of the motion.  Schwend-McCummiskey filed the motion to amend on July 1, 2011.

## Discussion

Schwend-McCummiskey's motion implicates both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure.  Rule 15(a) governs amendments to pleadings, providing, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed R. Civ. P. 15(a)(2).  Rule 16(b) guides pretrial scheduling orders, and provides that "the scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(3)(A).  Furthermore, "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

The Eighth Circuit has clearly held that "Rule 16(b)'s good cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).  Because

Schwend-McCummiskey filed her motion to amend over four months after the

established scheduling deadline for amending pleadings, I must apply the Rule

16(b) good-cause standard in deciding her motion. *Id.*

"The primary measure of good cause is the movant's diligence in attempting

to meet the order's requirements." *Id.* (quoting *Rahn v. Hawkins*, 464 F.3d 813,

822 (8th Cir. 2006)). The record here indicates that Schwend-McCummiskey

acted diligently in pursuing her motion to amend. The deadline for amending

pleadings was February 22, 2011. The fact that her claims might be applicable to

a class was revealed through the promissory note, which Schwend-McCummiskey

only received from defendants in April of 2011. Defendants did not produce the

PSA until June 2, 2011, and even then, only produced an unsigned copy. During

May and June, Schwend-McCummiskey met with class counsel to discuss the

possibility of bringing a class action. She informed me of her intention to amend

the complaint in June, and filed her motion to amend on July 2, 2011. Given the

delay in defendants' production of documents, I find that Schwend-McCummiskey

acted with diligence in attempting to meet the scheduling order's requirements.

Prejudice to the nonmoving party is also a factor in determining good cause,

although secondary to the movant's diligence. *Id.* at 717. Here, Schwend-

McCummiskey's late filing of the motion to amend was due in large part to

defendants' own delay in producing various documents.  Furthermore, I have stayed discovery and suspended all deadlines set in the case management order. Although amending this case to a class action will likely subject defendants to greater liability, this is not sufficient cause to deny amendment.  *See Presser v. Key Food Stores Co-op., Inc.*, 218 F.R.D. 53, 56 (E.D.N.Y. 2003) (quoting *Bertrand v. Sava*, 535 F. Supp. 1020, 1023 (S.D.N.Y. 1982) ("Transforming an individual action into a class action does not, in and of itself, create the type of prejudice sufficient to deny a motion to amend")).  The discovery and dispositive motion deadlines have been suspended, the discovery already completed is applicable to the potential class action, and the present individual action has not progressed to "an advanced stage." *See Mandelas v. Gordon*, No. C10-0594JLR, 2011 WL 9383 at *3 (W.D. Wash. 2011).  For the above-stated reasons, I find that allowing Schwend-McCummiskey to amend her complaint does not prejudice defendants.  There is therefore good cause to allow the amendment.

Defendants also argue that the motion should be denied because amendment would be futile.  A motion to amend should only be denied for limited reasons, including plaintiff's undue delay or bad faith in bringing the motion, unfair prejudice to defendant, or futility of the amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008).  "Denial of

a motion for leave to amend on the basis of futility 'means the district court has

reached the legal conclusion that the amended complaint could not withstand a

motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'"

*Zutz v. Nelson*, 601 F.3d 842 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST*

*Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)).

Defendants argue that the amended complaint would not survive a motion to

dismiss for three main reasons:  (i) U.S. Bank was the proper party to execute

foreclosure power, (ii) the proposed plaintiff class does not have standing to

challenge U.S. Bank's ability to execute foreclosure power based on the

securitization documents, and (iii) the proposed plaintiff class cannot sustain a

wrongful foreclosure action based on an alleged failure to provide loan

modifications.

The defendants' arguments raise complex factual disputes regarding

documents that are not part of the pleadings.  "When ruling on a motion to dismiss

under Rule...12(b)(6)...a district court generally may not consider materials outside

the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th

Cir. 2008) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th

Cir. 1999)).  I will therefore rely solely on the sufficiency of the allegations

contained in the proposed amended complaint when determining the futility issue.

*See Wheeler v. Hruza*, No. CIV08-4087, 2010 WL 2231959 at *2 (D.S.D. June 2, 2010); *see also Hewitt v. City of New York*, No. CV2009-0214, 2011 WL 441689 at *1 (E.D.N.Y. Feb. 7, 2011) (citing *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 589 (E.D.N.Y. 1994) ("Unless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend")).

Defendants have already moved to dismiss based on Schwend-McCummiskey's original complaint, a motion I denied.  The allegations in the proposed amended complaint arise from the same basic set of facts as pled in the original complaint, though now applied to multiple plaintiffs.  Although I am not ruling on the merits of the argument and it is possible that defendants may still yet prevail on a motion to dismiss or for summary judgment, it is not obvious to me from the face of the proposed amended complaint that they will do so.

Defendants also argue that the proposed class cannot satisfy a Rule 23(b)(3) analysis because individual questions of law and fact predominate over class-wide questions.  Although it is necessary to evaluate the likelihood that a proposed class will be certified when determining futility of a proposed amendment, "the court may limit its inquiry into the class action requirements at the amendment stage when certification will occur at a later time." *Presser v. Key Food Stores Co-op.*,

218 F.R.D. 53, 56-57 (N.D.N.Y. 2003).  Schwend-McCummiskey's proposed

complaint mentions predominance of class issues, a requirement for Rule 23(b)(3)

certification.  It also contains facts to support class certification under 23(b)(1) and

23(b)(2), neither of which require predominance.  Defendants' only argument

regarding class certification, however, is that common questions of law and fact do

not predominate.  It is therefore not obvious on the face of the proposed amended

complaint that a class could not be certified.  For the above-stated reasons, I find

that amendment would not be futile.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend [#67] is

granted.  Plaintiff's proposed amended complaint [#67-1] is deemed filed as of

today.

**IT IS FURTHER ORDERED** that the parties shall meet and confer, and

submit a new proposed joint scheduling plan no later than **November 4, 2011**.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2011.