UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA SCHWEND, *n/k/a* <br> PATRICIA SCHWEND-McCUMMISKEY, <br><br> Plaintiff, <br> vs. <br><br> US BANK, N.A., et al. <br><br> Defendants. | Case No. 4:10-cv-01590-CDP |

## ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendants US Bank, N.A. ("US Bank"), Wells Fargo Home Mortgage[1], d/b/a America's Servicing Company, and Wachovia Bank, N.A. ("Wachovia") (collectively "Defendants"), by and through their counsel, Bryan Cave LLP, and, for their Answer and Affirmative Defenses to Plaintiff Patricia Schwend-McCummiskey's ("Plaintiff") Second Amended Class Action Complaint ("Second Amended Complaint"), state as follows:

### INTRODUCTION

1. The Second Amended Complaint purports to assert a class action based on an alleged wrongful foreclosure claim. Defendants deny said allegations in Paragraph 1 of the Second Amended Complaint that are not specifically admitted herein.

2. To the extent that the allegations in Paragraph 2 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and compel no response. To the extent further response is required, Defendants deny the allegations in Paragraph 2 of the Second Amended Complaint.

---

[1] Wells Fargo Home Mortgage operates as a division of Wells Fargo Bank, N.A. and is therefore not a proper party, as Defendants explained in their initial responsive pleading filed on September 1, 2010. For purposes of this action, Wells Fargo Bank, N.A. is the real party in interest, and Wells Fargo Home Mortgage should be dismissed.

3. A copy of the fully executed Pooling and Servicing Agreement dated November 1, 2004 for the securitization of certain residential loans, including Plaintiff's loan, into a asset-backed security has been produced in this instant action as P00023-P00227. To the extent that allegations of paragraph 3 purport to restate the contents of a document, the document itself is the best evidence of its contents and, therefore, no response is required. To the extent that the allegations in Paragraph 3 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and compel no response. Defendants deny the allegations in Paragraph 3 of the Second Amended Complaint that are not specifically admitted herein.

4. To the extent that the allegations in Paragraph 4 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. To the extent further response is required, Defendants deny the allegations in Paragraph 4 of the Second Amended Complaint.

5. Denied.

6. Plaintiff purports to assert the present action against Defendants on behalf of herself and a purported plaintiff class. Defendants deny the allegations in Paragraph 6 of the Second Amended Complaint that are not specifically admitted herein.

7. Plaintiff purports to refer to the terms "Plaintiff and Class" and "Plaintiff and Subclass" in her Second Amended Complaint. Defendants deny the allegations in Paragraph 7 of the Second Amended Complaint that are not specifically admitted herein.

**PARTIES**

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Complaint and, therefore, deny the allegations in Paragraph 8 of the Second Amended Complaint.

9. On September 17, 2004, Plaintiff executed a Deed of Trust for the property located at 8636 Byrnesville Road, Cedar Hill, Missouri 63016.  Defendants deny the allegations in Paragraph 9 of the Second Amended Complaint that are not specifically admitted herein.

10. US Bank is a federally chartered bank.  US Bank is the Trustee for the asset-backed security created by the Pooling and Servicing Agreement dated November 1, 2004 (the "Trust").  Defendants deny the allegations in Paragraph 10 of the Second Amended Complaint that are not specifically admitted herein.

11. Wells Fargo Home Mortgage operates as a division of Wells Fargo Bank, N.A. ("Wells Fargo") and is therefore not a proper party.  Wells Fargo does business as America's Servicing Company.  Wells Fargo executed an Appointment of Successor Trustee for Plaintiff's loan as attorney in fact for US Bank.  Defendants deny the allegations in Paragraph 11 of the Second Amended Complaint that are not specifically admitted herein.

## VENUE

12. To the extent that the allegations in Paragraph 12 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response.

13. Admitted.

14. The United States District Court of the Eastern District of Missouri, Eastern Division is the proper venue for the instant action.  Defendants deny the allegations in Paragraph 14 of the Second Amended Complaint that are not specifically admitted herein.

15. To create the asset-backed security that is at issue, three entities—Park Place Securities, Inc. ("Park Place"), as Depositor; Wells Fargo, as Master Servicer and Trust Administrator; and Wachovia Bank, N.A. ("Wachovia"), as Trustee—entered into the Pooling and Servicing Agreement dated November 1, 2004 for the securitization of certain residential loans, including Plaintiff's loan, into an asset-

backed security. To the extent that the allegations in Paragraph 15 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 15 of the Second Amended Complaint that are not specifically admitted herein.

    16.    Denied.

    17.    Denied.

    18.    Denied.

    19.    To the extent that the allegations in Paragraph 19 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 19 of the Second Amended Complaint.

    20.    On September 17, 2004, Plaintiff executed an Adjustable Rate Note to Argent Mortgage Company, LLC ("Argent"). To secure payment of the Adjustable Rate Note, Plaintiff also executed a Deed of Trust with Argent for the property located at 8636 Byrnesville Road, Cedar Hill, Missouri 63016 on September 17, 2004. To the extent that allegations of Paragraph 20 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. Defendants deny the allegations of Paragraph 20 of the Second Amended Complaint that are not specifically admitted herein.

    21.    The original lender for Plaintiff's Adjustable Rate Note and Deed of Trust was Argent. To the extent that allegations of Paragraph 21 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 21 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and,

4

therefore, compel no response.  Defendants deny the allegations of Paragraph 21 of the Second Amended Complaint that are not specifically admitted herein.

22. The Adjustable Rate Note executed by Plaintiff with Argent was endorsed to Ameriquest Mortgage Company ("Ameriquest") without recourse by Argent.  To the extent that allegations of Paragraph 22 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required.  To the extent that the allegations in Paragraph 22 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response.  Defendants deny the allegations of Paragraph 22 of the Second Amended Complaint that are not specifically admitted herein.

23. The asset-backed security at issue in the instant action comprises certain residential loans, including Plaintiff's loan.  Defendants deny the allegations of Paragraph 23 of the Second Amended Complaint that are not specifically admitted herein.

24. Park Place Securities entered into a Mortgage Loan Purchase Agreement ("MLPA") with Ameriquest on or around November 8, 2004.  Under the MLPA certain residential loans, including Plaintiff's loan, were sold to Park Place for the asset-backed security created by the Pooling and Servicing Agreement dated November 1, 2004.  Park Place served as Depositor for the Trust.  To the extent that allegations of Paragraph 24 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required.  Defendants deny the allegations of Paragraph 24 of the Second Amended Complaint that are not specifically admitted herein.

25. Park Place is an affiliate of ACC Capital Holdings Corporation.  To the extent that the allegations in Paragraph 25 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and compel no response.  To

the extent further response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Second Amended Petition and, therefore, deny said allegations.

26. To the extent that allegations of Paragraph 26 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 26 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 26 of the Second Amended Complaint that are not specifically admitted herein.

27. The Master Servicer of the Trust was authorized and empowered to collect payments, correspond with borrowers, initiate foreclosure proceedings and otherwise carry out duties of a servicer for certain residential loans, including Plaintiff's loans, in the Trust. To the extent that allegations of Paragraph 27 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 27 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 27 of the Second Amended Complaint that are not specifically admitted herein.

28. A prospectus was issued for the Trust. A copy of the prospectus supplement produced in this instant action as bates numbers WFB.000366-WFB.000687 is attached as <u>Exhibit 1</u> to the Second Amended Complaint. To the extent that the allegations in Paragraph 28 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 28 of the Second Amended Complaint that are not specifically admitted herein.

29. To create the Trust at issue, three entities—Park Place Securities, Inc. ("Park Place"), as Depositor; Wells Fargo, as Master Servicer and Trust Administrator; and Wachovia Bank, N.A. ("Wachovia"), as Trustee—entered into the Pooling and Servicing Agreement dated November 1, 2004 for the securitization of certain residential loans, including Plaintiff's loan, into an asset-backed security. The Pooling and Servicing Agreement dated November 1, 2004, along with other applicable documents and agreements, govern the Trust. Defendants deny that the document attached as Exhibit 2 to the Second Amended Complaint is the final version of the Pooling and Servicing Agreement dated November 1, 2004. To the extent that allegations of Paragraph 29 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 29 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 29 of the Second Amended Complaint that are not specifically admitted herein.

30. To the extent that allegations of Paragraph 30 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. Defendants deny the allegations of Paragraph 30 of the Second Amended Complaint.

31. To the extent that allegations of Paragraph 31 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. Defendants deny the allegations of Paragraph 31 of the Second Amended Complaint.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Payment under Plaintiff's Adjustable Rate Note is secured by a Deed of Trust executed by Plaintiff on September 17, 2004. The Deed of Trust for Plaintiff's loan allows for non-judicial foreclosure upon default. To the extent that allegations of Paragraph 36 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 36 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 36 of the Second Amended Complaint that are not specifically admitted herein.

37. On January 19, 2010, Plaintiff's property was sold at a trustee's sale. To the extent that the allegations in Paragraph 37 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 37 of the Second Amended Complaint that are not specifically admitted herein.

38. The trustee's sale for Plaintiff's property was conducted in the name of US Bank as Trustee for the Trust. To the extent that the allegations in Paragraph 38 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 38 of the Second Amended Complaint that are not specifically admitted herein.

39. US Bank as Trustee of the Trust is the holder of the Adjustable Rate Note for Plaintiff's loan and, thus, had authority to foreclosure on Plaintiff's property pursuant to the Deed of Trust for Plaintiff's loan. To the extent that the allegations in Paragraph 39 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 39 of the Second Amended Complaint that are not specifically admitted herein.

40. The Deed of Trust for Plaintiff's loan allows for the appointment of a successor trustee. To the extent that allegations of Paragraph 40 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 40 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 40 of the Second Amended Complaint that are not specifically admitted herein.

41. The Master Servicer of the Trust is authorized and empowered to initiate foreclosure proceedings and otherwise carry out duties of a servicer for certain residential loans, including Plaintiff's loans. To the extent that allegations of Paragraph 41 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 41 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 41 of the Second Amended Complaint that are not specifically admitted herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. The foreclosure on Plaintiff's property was conducted in the name of "US Bank, N.A. as Trustee, successor-in-interest to Wachovia Bank, N.A. Pooling and Servicing Agreement, dated as of November 1, 2004. Asset-Backed Pass-Through Certificate Series 2004-WWF1." The full name of the asset backed security is "Park Place Securities, Inc. Asset-Backed Pass-Through Certificate Series

2004-WWF1." Defendants deny the allegations of Paragraph 47 of the Second Amended Complaint that are not specifically admitted herein.

48. On September 17, 2004, Plaintiff executed an Adjustable Rate Note to Argent Mortgage Company, LLC ("Argent"). To secure payment of the Adjustable Rate Note, Plaintiff also executed a Deed of Trust with Argent for the property located at 8636 Byrnesville Road, Cedar Hill, Missouri 63016 that same day. Argent assigned Plaintiff's loan to Ameriquest by executing an Assignment of Deed of Trust to Ameriquest and endorsing Plaintiff's Adjustable Rate Note made payable to Ameriquest. Plaintiff's loan was a part of certain residential loans sold by Ameriquest to Park Place on or around November 8, 2004 pursuant to the MLPA between Ameriquest and Park Place. Under the MLPA certain residential loans, including Plaintiff's loan, were sold to Park Place for the asset-backed security created by the Pooling and Servicing Agreement dated November 1, 2004. To the extent that allegations of paragraph 48 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 48 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 48 of the Second Amended Complaint that are not specifically admitted herein.

49. To the extent that allegations of Paragraph 49 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 49 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response.

50. The Pooling and Servicing Agreement dated November 1, 2004 that created the asset-backed security for certain residential loans, including Plaintiff's loan, allowed Park Place, as

Depositor, to deliver the original notes for certain residential loans, including Plaintiff's loan, to the Trust through an endorsement in blank without recourse. To the extent that allegations of paragraph 50 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 50 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 50 of the Second Amended Complaint that are not specifically admitted herein.

51. Plaintiff's original Adjustable Rate Note is endorsed in blank without recourse. To the extent that allegations of paragraph 51 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 51 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 51 of the Second Amended that are not specifically admitted herein.

52. To the extent that allegations of paragraph 52 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 52 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 52 of the Second Amended Complaint that are not specifically admitted herein.

53. Denied.

54. To the extent that allegations of paragraph 54 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is

required.  To the extent that the allegations in Paragraph 54 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response.

55.    To the extent that allegations of paragraph 55 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required.  To the extent that the allegations in Paragraph 55 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response.

56.    Denied.

57.    On October 14, 2009, Wells Fargo executed an Appointment of Successor Trustee, as attorney in fact for US Bank, which appointed Kozeny & McCubbin, L.C. ("Kozeny") as Successor Trustee for Plaintiff's Deed of Trust.  To the extent that allegations of paragraph 57 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required.  Defendants deny the allegations of Paragraph 57 of the Second Amended Complaint that are not specifically admitted herein.

58.    Plaintiff's Deed of Trust allows the Lender to remove and appoint a successor trustee to any Successor Trustee.  The term Lender, under Plaintiff's Deed of Trust, includes a party that takes Plaintiff's Adjustable Rate Note by transfer.  To the extent that allegations of paragraph 58 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. Defendants deny the allegations of Paragraph 58 of the Second Amended Complaint that are not specifically admitted herein.

59.    To the extent that allegations of paragraph 59 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required.  Defendants are without sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraph 59 of the Second Amended Complaint and, therefore, deny said allegations.

60. Plaintiffs failed to make full monthly payments on the loan associated with the property located at 8636 Byrnesville Road, Cedar Hill, Missouri 63016. To the extent that the allegations in Paragraph 60 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations of Paragraph 60 of the Second Amended Complaint that are not specifically admitted herein.

61. Denied.

62. To the extent that allegations of paragraph 62 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 62 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 62 of the Second Amended Complaint.

63. To the extent that allegations of paragraph 63 purport to restate the contents of a document, the document itself is the best evidence of its contents and therefore no response is required. To the extent that the allegations in Paragraph 63 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 63 of the Second Amended Complaint.

64. To the extent that the allegations in Paragraph 64 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are

inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 64 of the Second Amended Complaint.

65. To the extent that the allegations in Paragraph 65 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 65 of the Second Amended Complaint.

66. To the extent that the allegations in Paragraph 66 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 66 of the Second Amended Complaint.

## **CLASS ALLEGATIONS**

67. Denied

68. Denied

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. To the extent that the allegations in Paragraph 74 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response. Defendants deny the allegations in Paragraph 74 of the Second Amended Complaint.

75. Denied.

76. To the extent that the allegations in Paragraph 76 require Defendants to reach a legal conclusion when responding and/or such allegations are argumentative, those allegations are inappropriate and, therefore, compel no response.  Defendants deny the allegations in Paragraph 76 of the Second Amended Complaint.

77. Denied.

78. Denied.

## COUNT I – WRONGFUL FORECLOSURE

79. Defendants incorporate their responses to Paragraphs 1 through 78 of the Second Amended Complaint as if fully set forth herein.

80. Denied.

81. Denied.

WHEREFORE, having answered Count I of Plaintiff's Second Amended Complaint, Defendants request that the Court dismiss Count I of the Second Amended Complaint at Plaintiff's cost, that the Court alternatively enter Judgment in favor of Defendants and against Plaintiff as to Count I of the Second Amended Complaint, and that the Court enter such other and further relief in favor of Defendants as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Second Amended Complaint fails to satisfy one or more of the requirements for class certification under Federal Rule of Civil Procedure 23.

3. Plaintiff's Second Amended Complaint fails to state a claim for punitive damages against Defendant.

4.      Plaintiff's claims and the alleged class claims, are barred, in whole or in part, by application of the Missouri Credit Agreement Statute of Frauds, RSMo. § 432.045, which requires that any agreement to forbear repayment of money, extend credit, or give a financial accommodation be written to be enforceable.  RSMo. § 432.045 provides, in pertinent part, as follows:

> "**A debtor may not maintain an action upon or a defense to a credit agreement unless the credit agreement is in writing** …"

RSMo. § 432.045(2) (emphasis added).

5.      Plaintiff's claims and the alleged class claims, are barred, in whole or in part, by the Missouri State of Frauds, RSMo. § 432.010, which requires any agreement that is unable to be performed within one year to be in writing.

6.      Plaintiff's claims and the alleged class claims are barred by the doctrines of laches, waiver, and/or estoppel under the applicable loan documents.

7.      Plaintiff's claims and the alleged class claims are barred by the doctrine of unclean hands.

8.      Plaintiff's claims and the alleged class claims are barred, in whole or part, for failure to mitigate any alleged financial or other damages by not cooperating with Defendants in a fashion to implement an alleged loan modification agreement or like agreement.

9.      Plaintiff's claims and the alleged class claims are barred, in whole or in part, by the doctrine of avoidable consequence because of a failure to take necessary action to avoid the alleged damages.

10.     Plaintiff's claims and the alleged class claims are barred because Plaintiff and the alleged plaintiff class caused or substantially contributed to their own damages, if any.

11.     Plaintiff's claims and the alleged class claims are barred, in whole or in part, by the doctrines of illegality, lack of mutuality, and lack of consideration concerning the purported "agreement" by Defendants to modify, forgive, or otherwise abate full monthly payment under the applicable mortgage loan documents.

12. Plaintiff and the alleged plaintiff class are barred from the relief sought by the Second Amended Complaint due to a breach of contract in that Plaintiff and the alleged plaintiff class defaulted under the terms of the Note and Mortgage upon which Plaintiff and the alleged plaintiff class now base their claims against Defendants.

13. Plaintiff and the alleged plaintiff class are barred from the relief sought due to a failure of consideration in that the alleged wrongful foreclosure claim is in part based upon an alleged failure to modify terms of a pre-existing loan contract after the terms thereof had been defaulted upon by Plaintiff and the alleged plaintiff class.

14. Plaintiff's and the alleged plaintiff class' default under the respective Deeds of Trust, Promissory Notes, and other loan documents was sufficient to support foreclosure on the Deeds of Trust referenced in the Second Amended Complaint.

15. Plaintiff's claims and the alleged class claims are barred because Plaintiff and the alleged plaintiff class was provided, before the initiation of the foreclosure referenced in the Second Amended Complaint, actual notice of the intention to foreclose at the time of default(s) under the Deed of Trust.

16. Plaintiff's claims and the alleged class claims for damages are barred, in whole or in part, because Plaintiff and the alleged plaintiff class did not suffer actual damages.

17. Plaintiff's claims and the alleged class claims are barred because any actions taken by Defendants were taken in good faith to protect their valid business interest pursuant to a privilege to take such actions.

18. Plaintiff's claims and the alleged class claims are barred because they arise from and relate to matters under the federal Home Affordable Modification Program ("HAMP"), which was created under the Emergency Economic Stabilization Act of 2008. The HAMP does not provide for or create a private right of action for mortgage loan borrowers.

17

19. Defendants' practices and procedures in addressing Plaintiff's and the alleged plaintiff class' loan modification under the HAMP program was reasonable.

20. Plaintiff's claims and the alleged class claims for attorney's fees are barred, in whole or in part, because they are not entitled to such attorney's fees under an applicable contract or statute as required under Missouri law.

21. Defendants never employed conduct that was intentional, willful, wanton, or malicious, and never showed a complete indifference to or a conscious disregard of any rights such that Defendants would be liable for punitive damages.

22. Plaintiff's and the alleged plaintiff class' claim for punitive damages is unconstitutional as it is in violation of Defendants' rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States and same or similar guarantees of the Constitution of the State of Missouri, including Article I, Sections 2, 10, 21, and 28 of the Constitution of the State of Missouri, and amount to a fine and/or penalty against Defendants and should be dismissed.

23. Defendants reserve the right to amend their answer or assert any additional affirmative defenses as any may be revealed during the course of discovery.

24. Defendants respectfully request leave of Court to assert any additional, appropriate defenses or to delete defenses contained herein as may be necessary after discovery, when the averments of the Second Amended Complain and the issues formulated thereby have become more definite and certain.

Respectfully submitted,

BRYAN CAVE, LLP

   /s/ Ashley H. Nall
Ashley H. Nall, USDC #: 59960MO
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5097
Fax: (312) 698-7497
E-mail: ashley.nall@bryancave.com


Eric D. Martin, USDC #: 67275MO
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone: (314) 259-2000
Fax: (314) 259-2020
E-mail: eric.martin@bryancave.com

*Attorneys for Defendants US Bank, N.A. and Wells Fargo Home Mortgage, d/b/a America's Servicing Company, and Wachovia Bank, N.A.*

## CERTIFICATE OF SERVICE

I, hereby certify that on November 28, 2011, the foregoing was filed electronically with the Clerk of Court to be served to the following by operation of the Court's electronic filing system:

Gregory P. White
8000 Bonhomme, Suite 316
Clayton, Missouri 63105

Peter M. Westoff
7751 Carondelet, Suite 800
Clayton, Missouri 63105

John Campbell
800 Market Street, Suite 1700
St. Louis, Missouri 63101

Attorneys for Plaintiff

/s/ Ashley H. Nall
Ashley H. Nall, USDC #: 59960MO
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5097
Fax: (312) 698-7497
E-mail: ashley.nall@bryancave.com