UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICIA SCHWEND, n/k/a
PATRICIA SCHWEND-McCUMMISKEY

    Plaintiff,

vs.

US BANK, N.A., et al

    Defendants.

Case No.: 4:10-cv-01590-CDP

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

Defendants have moved for summary judgment despite the fact that 1) Courts generally consider class certification before dealing with summary judgment; 2) Defendant affirmatively agreed to limit discovery to class certification - meaning Plaintiff would be forced to respond to a motion for summary judgment without evidence; and, 3) Rule 56 specifically provides for denying a premature motion for summary judgment, especially when the motion is designed to cut-off discovery of evidence exclusively in the Defendant's control.  As discussed below, Defendants' Motion is premature, would result in unfair and extreme prejudice to Plaintiff, and appears to be an effort to hide the ball, preventing Plaintiff from digging into serious irregularities and issues arising out of Defendants' foreclosures in Missouri.

Defendant's' Motion for Summary Judgment is the latest act in a string of attempts to keep this Court from considering real evidence about a number of troubling issues that potentially affect thousands of Missouri homeowners.  First, Defendants sought to dismiss this case in a motion to dismiss.  That was denied.  Defendant then delayed in producing accurate

1

copies of essential documents, such as the *Purchase and Sale Agreement* that should govern Defendants alleged right to foreclose on the Plaintiff's home. When Defendant finally produced a signed of a PSA (it did not match the unsigned version previously produced), Plaintiff was able to determine that the issues in this case related to many people, not just Plaintiff.

Plaintiff sought leave to amend to make this a class action. Defendant opposed this, again arguing that the claims were without merit. The Court reiterated that it had denied a motion to dismiss and could not conclude that Plaintiff's claims were not potentially meritorious and common to a class of people.

In Defendants' motion for summary judgment, they again seek to have this case thrown out of Court before any meaningful discovery on the merits can occur. Defendants' resistance to discovery regarding the merits of the case suggests that they are trying to keep salient negative facts obscured, and this is no idle speculation. Giant institutional banks are being investigated by attorney generals and federal agencies throughout the country.  Reports of robo-signing (where often falsified documents are signed by people who aren't who they say they are before notaries who aren't actually present) are ubiquitous. The evidence in this case strongly suggests that Defendants were foreclosing on homes and managing billions of dollars in loans as "trustees" at a time when they didn't have any signed, or operative, trust agreement or any properly assigned promissory notes and deeds of trust.

Seeking summary judgment at this stage is inappropriate for the following reasons:

1. Defendants and Plaintiff agreed in writing that they would limit discovery to class certification. Courts have consistently held that a party can't be forced to respond to a motion on the merits where merits discovery had been specifically postponed.

2. It is a well-accepted rule and best practice that in most cases class certification is considered before dispositive motions.  This sequencing makes the Court's decisions on merits issues binding on all class members, promotes efficiency, and is in keeping with Rule 23's mandate that class certification should be decided as early as is practicable.

3. In this matter, where the parties <u>agreed</u> to conduct class certification discovery first, and filed that agreement with the Court (resulting in a scheduling Order), any attempt to have this Court rule on the merits prior to a motion for certification is inappropriate, prejudicial to Plaintiffs, and premature.

4. Plaintiff's counsel has produced a sworn affidavit identifying the reasons why Plaintiff cannot respond to Summary Judgment at this time and identifying many discovery topics that must be addressed prior to a motion for Summary Judgment.

As a matter of course, class certification should be considered before summary judgment. In keeping with this, Defendants affirmatively agreed to limit discovery to class certification at this time. As a result, considering the motion for Summary Judgment at this time would prejudice Plaintiff and Class by cutting-off discovery. Defendant's Motion for Summary Judgment should thus be denied.[1]

---

[1] It should also be noted that although it would be prejudicial to Plaintiff to respond to Defendants' Motion without all necessary discovery and that it would be prejudicial for Plaintiff to have to assume Defendants documents are accurate and authentic, <u>even Defendants' own documents</u> raise serious questions, including: 1) why does the same party sign for Ameriquest and Argent in several documents and  is this valid; 2) why was the PSA executed by some parties in November but not officially created or finalized until two months later; 3) does the definition of a note holder, as found in the promissory note, which states "any one who takes this note by transfer **and** who is entitled to receive payments under this note is called the note holder" mean that U.S. Bank was the note holder given that it neither physically held the notes nor received payment directly from borrowers; 4) if the mortgage asset list did not comply with the PSA as to what was required to identify loans transferred from party to party, were the transfers proper/legal?

3

## II. DISCUSSION

## A.  GENERAL RULE REGARDING DECIDING CLASS CERTIFICATION FIRST

Courts have held that, in general, issues relating to class certification should be decided before a decision on the merits can be considered. See, e.g., *Bertrand v. Maram,* 495 F.3d 452, 455 (7th Cir.2007) ("Class-action status must be granted (or denied) early ... to clarify who will be bound by the decision");  *Schwarzschild v. Tse,* 69 F.3d 293, 296 (9th Cir.1995) (Rule 23 "clearly contemplates that the notice requirement will be met before the parties are aware of the district court's judgment on the merits"); see also *Philip Morris Inc. v. National Asbestos Workers Medical Fund,* 214 F.3d 132, 135 (2d Cir.2000) (stating that "it is 'difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits'") (quoting *Bieneman v. Chicago,* 838 F.2d 962, 964 (7th Cir.1988) (per curiam)); see also *Mendez v. The Radec Corp.,* 260 F.R.D. 38, 44-45 (W.D.N.Y.,2009).

The above holdings are in keeping with Rule 23's requirement that a court should consider a motion for class certification as "early as is practicable."  The general rule of deciding class certification before summary judgment is grounded in old-fashioned common sense.  If it is superior to resolve a case for a class of people, it makes no sense at all to resolve Summary Judgment for only the named plaintiff.  Win or lose, efficiency is served by deciding common legal and factual questions once and for all.  Otherwise, even if a defendant were to win a motion, a new plaintiff could re-file the next day.  Similarly, a win for the plaintiff prior to certification would not bind a class and therefore would not resolve questions for the class.  The problem with Defendants' most recent maneuver is that it would deprive this Court of the chance to decide the best procedural mechanism for handling this case by forcing an individual decision.  This is a classic example of putting the cart before the horse.  One wonders why Defendants

4

wouldn't seek the opportunity to prove once and for all that their foreclosures were appropriate *for all class members in Missouri*.  As suggested above, one could speculate that Defendants are concerned that merits discovery will reveal (consistent with the national trend) aberrant foreclosure paperwork and improper bank procedures.

For these reasons, this Court has discretion to deny Defendants' Motion for Summary Judgment as premature.

**B. COURTS HAVE CONCLUDED THAT THAT IT IS UNFAIR TO PROCEED WITH A MOTION FOR SUMMARY JUDGMENT WHEN THE SCHEDULING ORDER LIMITED DISCOVERY TO CLASS ISSUES ONLY.**

A number of courts have faced issues like the one now before this Court.  Courts have been clear that when parties agree to engage in class discovery, or even when parties are allowed to engage in merits discovery but choose to engage in class discovery as a matter of order, a motion for summary judgment on the merits is premature and prejudicial. In this matter, everyone already **agreed** that class issues must be resolved first.  Specifically, Defendants affirmatively agreed to a scheduling order which states, "the parties have agreed that discovery shall be conducted in phases with class certification to be first." [2]

In *Mueller v. CBS, Inc.,* 200 F.R.D. 242, 244-45 (W.D.Pa., 2001), the court considered whether a Plaintiff's motion for summary judgment appropriate when filed before a motion for class certification.  The Court held that, "Plaintiffs' Motions are entirely premature because, by

---

[2] The Scheduling Order indicates that dispositive motions may be filed by January 13, but it would be unreasonable to read this to mean a summary judgment motion is appropriate, given that the Court has postponed merits discovery until after the Court considers a Motion to Certify the Class.  This "dispositive motion" could only be read to cover a preemptive attack on class certification. In any event, the time has passed.

5

agreement of the parties, discovery in this matter has proceeded only to questions related to class certification." *Id.* The Court noted that

> Although Plaintiffs apparently conclude they have acquired sufficient evidence during the class certification stage to support their motions, I believe it would be an abuse of discretion if I were to grant summary judgment at this point when it is clear from the record that both parties expected further discovery to follow my rulings on class certification.

The court cited to *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 444 (3d Cir.1977), reversing as an abuse of discretion the district court's grant of summary judgment when the discovery taken to date was "principally concerned with issues raised by the class action allegations."

Similarly, in *Yoakum v. PBK Architects, Inc.,* 2010 WL 4053956 (S.D.Tex. 2010), the court considering an FLSA case barred a motion for summary judgment that was filed prior to considering a motion for conditional certification. The court noted, "It is undisputed that discovery has been, to this point, limited to conditional certification issues." It concluded that the Plaintiff's focus was on meeting the certification standard, "not on obtaining enough evidence to survive a motion for summary judgment." As a result, the court held that both parties should have sufficient time to fully develop their merits-based arguments before the court considered a motion for summary judgment-particularly when the outcome turns on factual nuances, as in this case. Accordingly, the court ruled that defendant's motion for summary judgment was premature and denied the motion.

Finally, in *Burdette v. Vigindustries Inc.,* 2011 WL 1702509 (D.Kan. 2011), the court considered what it should do when faced with a motion for summary judgment filed by a defendant in a case where merits discovery was allowed but the plaintiff had focused its

6

discovery on class certification because there was a class certification discovery deadline. The court held:

> The point of having a separate class certification discovery deadline is to save the parties' and the Court's resources by allowing discovery and motions practice relating to class certification to proceed before the parties engage in further discovery. If the Court denies the motion for class certification, both parties' discovery on the liability issues will be limited to the named plaintiffs, whereas if the Court grants the motion, the parties' subsequent discovery efforts will be broadened. The Court declines to punish plaintiffs for failing to engage in the sort of discovery that would allow them to oppose a motion for summary judgment that was filed before any dispositive motion deadline was set and before the motion for class certification was filed.

As each of the above cases demonstrates, Courts have denied motions for summary judgment when they are filed before merits discovery has concluded. The same result is appropriate in this matter.

### C. RULE 56(d) Rationale-Purpose

Courts have made clear that it is appropriate for a court to deny a motion for summary judgment when the motion is premature and it would prejudice the non-moving party. This rule is grounded in the rationale that it is unfair to allow one party to use a motion for summary judgment to keep the other party from conducting and concluding discovery, especially when the information necessary to respond to summary judgment and ultimately prove the case is almost exclusively in the custody of the moving party. That is precisely the situation in this case. Rule 56(d) provides:

> *When Facts Are Unavailable to the Nonmovant.* If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> 
> (1) defer considering the motion or deny it;
> 
> (2) allow time to obtain affidavits or declarations or to take discovery; or

>     (3) issue any other appropriate order.

Under this rule, the district court has discretionary authority to deny a motion for summary judgment in response to the nonmoving party's request for additional discovery. Should it appear from the affidavits of a party opposing the motion that the party cannot yet present facts essential to justify the party's opposition, the court may refuse the motion for summary judgment or the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. The Supreme Court has stated that Rule 56(e)'s requirement that the party opposing a summary judgment motion set forth specific facts showing that there is a genuine issue for trial "is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 & n. 5 (1986).

> In *Anderson*, the United States Supreme Court explained that a:
>
> plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, **as long as the plaintiff has had a full opportunity to conduct discovery**.

*Id.* (emphasis added.)

Subsequent courts have recognized the straightforward rule announced by *Anderson*: a defendant must <u>not</u> be granted summary judgment when full discovery has not occurred, especially when the evidence needed to defeat summary judgment is largely in the defendant's possession. *Bouchard v. New York Archdiocese,* 04 CIV. 9978 (CSH), 2006 WL 1375232

8

(S.D.N.Y. May 18, 2006). In this case involving the Archdiocese, a New York court cited *Anderson* when denying a premature motion for summary judgment. The court wrote:

> Where factual issues are decisive, it is generally considered preferable for the parties to complete discovery-depose every witness, produce every document- before one party or the other moves for summary judgment. Where, as here, the probative evidence is almost exclusively in the possession of the moving party, giving the non-moving party "a full opportunity to conduct discovery" is an exercise in simple fairness.

*Id.*

Many other courts have agreed that granting summary judgment prior to the completion of all discovery is inappropriate. See *Snook v. Trust Co. of Ga. Bank of Savannah,* 859 F.2d 865, 870 (11th Cir.1988); *Visa Int'l Serv. Ass'n v. Bankcard Holders,* 784 F.2d 1472, 1475 (9th Cir.1986); see also *Celotex*, 477 U.S. at 322 (summary judgment appropriate only "after adequate time for discovery").

**D. SPECIFIC EXAMPLES OF DISCOVERY THAT IS NEEDED**

In light of the law set forth above, it is not surprising that the "relevant question for a reviewing court when the district court has granted summary judgment without ruling on the nonmoving party's Rule 56(f) motion or pending discovery requests is whether the nonmovant has sufficiently identified the information sought by discovery, the reasons the information has not yet been obtained, and the materiality of the information to its opposition to the summary judgment motion." See generally 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2741 (1983). This case is precisely the type of case in which a premature motion for summary judgment must be denied. Defendant cannot use a motion for Summary Judgment to cut-off discovery to obtain an unfair advantage. In this case, numerous topics require examination. Highlighting even a few of these topics demonstrates why this Court should

9

deny Defendants' motion for summary judgment at this stage. Consider the following sampling of the critically important merits issues identified in counsel's affidavit:

- How did Defendants foreclose on homes in Missouri without even having a signed trust agreement?
- Why did the trust agreement (PSA) that was finally produced as a signed copy a) include signature dates that seem to indicate it was signed before it was even finalized and 2) differ from the PSA that was produced in discovery by Defendants as an alleged unsigned copy? How did this document suddenly turn up from Park Place? Is it authentic or is it concocted? Why are the purported original assignments of notes in this case (allegedly from Argent to Ameriquest) signed by someone who has been challenged as a robo-signer throughout the country?
- Why didn't Defendants record note transfers given that Missouri law requires that any documents affecting the transfer of property "shall" be recorded?
- What do Defendants' policies say about foreclosing on a family while simultaneously, through another department, Defendants are telling that family that they are working on a modification? What do Defendants know about the effect of discussing modification with borrowers regarding the family's ability to contest foreclosure, sell the home to avoid foreclosure, or raise the money to reinstate?
- Why is the appointment of the "successor trustee" who foreclosed on Plaintiff's home signed by China Brown, a known robo-signer, who did not even work for any party identified in the appointment of successor trustee doc?

- Were the notes used as collateral *for securing other obligations other than the alleged use of funding the REMIC in question* , and if so, did this violate the trust agreement?

- Is any of this actually a *trust*, given that it is really just a sale of notes to people so they can collect money? Where is the grantor, the trust itself, or the beneficiaries? Why is there a custodian of the notes who is different than the trust administrator, who is different from the trustee, who is different from the master servicer, and how is it possible that competitor banks would collaborate on such an endeavor? Who is getting rich off this, and if it is the trustee, is this a trust at all?  Discovery is necessary in order to allow Plaintiff to follow the money.

- When were the notes put in the "trust"? Did this conform with SEC regulations? If not, did a trust ever actually exist?

- Are any of the documents in this case documents that were produced in notorious document factories, where forged documents were produced to support illegal foreclosures?

- What was the role of Argent and Ameriquest, two companies who were once billion dollar companies and now are all but gone because they have been sued thousands of times for fraudulent loans?

- Was Plaintiff's loan assigned to or owned by the alleged trust created by the PSA?

These areas require and deserve full-discovery.  Many other topics are set forward in the supporting affidavit.

## III. CONCLUSION

For each the reasons described herein, Plaintiff asks this Court to deny Defendants' Motion for Summary Judgment, or in the alternative, to stay any consideration of the motion until after the conclusion of merits discovery, to be concluded after class certification.

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By:_____/s/John Campbell_____
John E. Campbell, #59318MO
Erich Vieth, #29850MO
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Telephone #: 314-241-2929
Facsimile #: 314-241-2029
jcampbell@simonlawpc.com
evieth@simonlawpc.com

And

Gregory P. White
8000  Bonhomme, Suite 316
Clayton, MO 63105
Telephone:  314-721-2558
Facsimile:  314-721-
gregorypwhite@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7thday of February, 2012, a true and accurate copy of the foregoing was served via the CM/ECF system to all parties of record, including:

Eric D. Martin
Ashley H. Nall
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Eric.martin@bryancave.com
Ashley.nall@bryancave.com

               /s/ John Campbell