## AFFIDAVIT OF JOHN CAMPBELL PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 56(D)

I, John Campbell, having been duly sworn and upon my oath, state:

1. I am of lawful age, sound mind, and have personal knowledge of the facts stated in this affidavit.

2. I am one of the attorneys representing Patricia Schwend-McCummiskey in the above-styled case.

3. This Affidavit supports Plaintiff's position, asserted in her Response to Defendants' Motion for Summary Judgment, that Defendants' Motion is premature and should be denied.

4. Pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff cannot, at this time, present facts essential to her opposition to the Motion for Summary Judgment.

5. This inability to present all essential facts results from two separate issues:

    a. Discovery is scheduled to conclude on June 1, 2012, five months from now. Plaintiff's counsel consists of a team of attorneys who have been coordinating in the design of effective discovery and planned to propound that discovery within the next two weeks; and

    b. Pursuant to the current Scheduling Order, <u>agreed to by Defendants</u>, discovery prior to any motion for certification is supposed to relate only to class certification issues. The order states: "The Parties have agreed that discovery shall be conducted in phases with class certification to be first. Discovery on class certification issues shall proceed as follows . . . . : and

    c. Class certification is traditionally taken up by courts prior to dispositive motions on the merits, as Rule 23 encourages this sequence.

PLAINTIFF'S EXHIBIT 1

1

6. Plaintiff does not yet possess evidence that would allow her to respond to the positions put forward in Defendant's summary judgment motion. She will not have such evidence until merits discovery occurs, and that won't happen until after certification of this case. She would be severely prejudiced if required to respond to any motion for summary judgment before merits discovery occurs.

7. Plaintiff presents the following reasons as to why merits based discovery has not been conducted:

   a. Plaintiff originally filed this as an individual action, but Plaintiff later hired additional legal counsel with regard to potential class issues. The Plaintiff sought leave to amend this action to a class action. After extensive briefing, this Court granted leave. Prior to the filing of the Amended Complaint, discovery occurred in the individual case. Plaintiff's counsel needed to coordinate to review evidence already produced discovery, to determine the most efficient way to move forward in class discovery, and to draft class discovery. They are almost ready to submit class discovery to defendants.

   b. Due to holidays and other trial and appellate commitments, Counsel for Plaintiffs planned to draft discovery in January, to be propounded in the first two weeks of February.

   c. Counsel for Plaintiffs established timelines for moving forward with discovery based upon the agreed scheduling order entered in this case, allowing discovery until June 1, 2012.

   d. In addition, Defendants agreed and jointly moved this Court to enter a scheduling order that set a date for class certification. The scheduling order did not address

summary judgment motions. Instead, the order allowed for dispositive motions relating to the pleadings to be filed by a date certain. A summary judgment is not a challenge to pleadings; it is based on facts.

    e. Defendant's filing of a motion for summary judgment prior to the conclusion of class discovery conflicts with the agreed scheduling order, especially given the fact the Scheduling Order bars full merits discovery until such time as this case would be certified to proceed as a class action.

    f. The Federal Rules of Civil Procedure require a decision on a motion for class certification at the earliest time "practicable." This, coupled with the agreed scheduling order, led Plaintiff to conclude that summary judgment was only appropriate after a hearing on class certification.

8. Responding to Defendants' motion would require discovery seeking answers to numerous questions of fact. The general topics of discovery that Plaintiff would plan to pursue include:[1]

a) Why notes would be held by one bank, serviced by another, and "held" by another;

b) Whether notes were used as collateral, thereby taking them out of the trust, in violation of New York trust law and/or other regulations;

c) Why notes were never endorsed to prove they entered the trust at the appropriate time pursuant to SEC regulations;

d) Does the REMIC qualifies as a trust at all, given that it does not fit the settlor, trustee,

---

[1] Plaintiff does not mean to suggest that all of the issues listed below will need to be delayed until after class certification, as many of them will be relevant to class certification in that they must be explored in order to determine whether common questions of law and fact exist. However, there are some topics, including damages, experts regarding some merits issues, etc. that will need to be addressed after class certification.

3

trust, *res,* beneficiary model essential to legitimate trusts under New York Law;

e) Did consideration pass from each party to the next, as claimed in some of Defendants' documents? For example, did Argent actually pay Ameriquest, given these two highly criticized and essentially defunct entities have been shown to be highly interrelated?

f) Are any of the documents that have been produced authentic?

g) What is the explanation for why Defendants did not have a single signed copy of the PSA while they were allegedly operating under it to foreclose on homes?

h) Why did it take months for Defendants to produce a signed copy?

i) Why does that signed copy seem to indicate it was signed before it was finished?

j) Why does the signed copy differ from the one previously produced as an allegedly unsigned but accurate copy?

k) Who is Shandrika Anderson – agent, as identified in assignments from Argent to Ameriquest? Why has she been identified as a potential robo-signer in other filings and on various websites? Why does she sign her name in some documents as Anderson and some as Anders?

l) Who is China Brown, VP of Loan Docs, as identified as the signatory of the Assignment of Successor Trustee document? Why is Loan Docs on the signature line of a document that discusses Wells Fargo and U.S. Bank? Why is China Brown being sued in other courts as a robo-signer? Did she review any documents at all? When? How?

m) Why did Defendants choose not to record all assignments of the notes, despite a Missouri law that requires recording any document that "affects the transfer of property" and despite a history (until the advent of mortgage securitization) of recording notes along with deeds?

4

n) Why did the "holder" of the note appoint the trustee, if only the lender was given that power to do so under the deed of trust?

o) Were there IRS audits regarding the REMIC;

p) What internal communications occurred between the trustee, the trust administrator, the custodian, and the master servicer?

q) What communications occurred from any of the parties to the PSA to each other concerning the McCummisky foreclosure?

r) Plaintiff will need to inspect the vault where the notes are allegedly held;

s) Plaintiff will seek policies regarding modifications;

t) Plaintiff will seek policies regarding foreclosures while modification discussion is ongoing;

u) Plaintiff will seek information regarding the nature of infrastructure and communication between the modification department and foreclosure department;

v) Plaintiff will seek information regarding whether or not modification was discussed with Plaintiff and Class despite knowledge that other documents related to the notes would prohibit said modifications;

w) Plaintiff will seek evidence regarding whether Defendants received money from HAMP related to Plaintiff and Class, and if so when.

x) Plaintiffs will seek information regarding what policies Defendants have to ensure they do not foreclose when HAMP is still possible;

y) Plaintiffs will investigate all evidence of notice or knowledge Defendants had that foreclosing while modification is considered prejudices borrowers by limiting borrowers

5

options, making foreclosure more likely. This could include other claims, AG investigations, etc.;

z) Whether physical transfer of notes actually occurred, when, and what proof exists;

aa) Plaintiff will seek information regarding any SEC investigations regarding transfer of Plaintiff's and Class' notes.

bb) Plaintiffs will seek information regarding any communications with anybody (not just PSA parties) about the McCummiskey loan – origination, closing, transfers, inclusion (or attempted inclusion) in the pool, identification as a distressed or delinquent loan, modification, notices of default, foreclosure, etc.

cc) Plaintiffs will seek information regarding any communications Defendants send out to every person or entity involved in the PSA or investors thereunder when a loan, and in particular this one, allegedly is in default and headed either to modification or foreclosure or both.

dd) The foregoing information is necessary to establish whether the note and deed of trust were properly conveyed as trust property under the PSA, when that allegedly happened, and who acted like they held the note and/or had the rights to avail themselves of remedies under the note and deed of trust.

9.   Pursuant to Rule 56(d), without the benefit of conducting merits based discovery, Plaintiff would be prejudiced unless this Court delays or dismisses Defendant's motion for summary judgment because Plaintiff cannot meaningfully respond to Defendants' motion at this time.

10.   Plaintiff also notes that the purpose of class certification is to avoid inconsistent rulings on important questions. Here, if summary judgment is considered prior to class

6

certification, it will expose all parties to the possibility of needing new rulings for the class. If summary judgment were granted, would mean that new cases could be filed relating to the same issues, rather than allowing for the efficient resolution of the issues one time, for all people with the same questions of law and fact.

11. As a result of the foregoing specified reasons, Plaintiff requests that the Court deny Defendant's Motion or, in the alternative, defer consideration of it until after class certification has been considered, at which time a new scheduling order relating to the merits of this matter would be entered.

FURTHER AFFIANT SAYETH NAUGHT.

_____
John E. Campbell
Attorney for Plaintiff

Subscribed and sworn to before me this 7th day of February, 2012.

_____
Notary Public

My Commission Expires: