UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PATRICIA SCHWEND, n/k/a, | ) | |
| PATRICIA SCHWEND- | ) | |
| McCUMMISKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1590 CDP |
| | ) | |
| U.S. BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This wrongful foreclosure class action is brought by Patricia Schwend-McCumiskey against U.S. Bank, N.A. and Wells Fargo Home Mortgage Inc. McCummiskey alleges that defendants' execution of foreclosures on her home, and others similarly situated, were improper because defendants were not the proper parties to foreclose, the Pooling and Servicing Agreement (PSA) was improper or improperly followed, defendants were estopped from foreclosing while simultaneously negotiating loan modifications, and the notes were unsecured. Defendants have now moved for summary judgment. For the reasons that follow, I will grant defendants' motion.

## Facts[1]

On September 17, 2004, McCumiskey executed and delivered an adjustable rate note and deed of trust to Argent Mortgage Company, LLC for the property located at 8636 Byrnesville Road, Cedar Hill, Missouri 63016. Paragraph 1 of the note provides, "I understand that the Lender may transfer this Note." The deed of trust provides, in part, "Borrower irrevocably grants, bargains, sells, conveys and confirms to Trustee, in trust, with power of sale," and, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower." On September 22, 2004, Argent assigned the McCumiskey loan to Ameriquest Mortgage Company by executing an assignment of deed of trust to Ameriquest and endorsing McCumiskey's note made payable to Ameriquest. Ameriquest then endorsed the McCumiskey note in blank.

On November 1, 2004, three entities – Park Place Securities, Inc., as depositor, Wells Fargo, as master servicer and trust administrator, and Wachovia Bank, N.A., as trustee – entered into a Pooling and Servicing Agreement for the securitization of certain residential loans into an asset-backed security. The PSA established a trust to own the notes and their related residential deeds of trust or

---

[1] These facts are derived from defendants' statement of uncontroverted facts filed in conjunction with their motion for summary judgment. Plaintiff did not file an opposition to those facts, and therefore they are deemed admitted pursuant to Local Rule 7-401(E).

residential mortgages. Wachovia, Wells Fargo, and Deutsche National Trust Company entered into a custodial agreement under which Deutsche served as custodian of the loan documents.

On November 8, 2004, Park Place entered into a mortgage loan purchase agreement with Ameriquest, under which Ameriquest sold mortgage loans to Park Place, including the McCumiskey loan. On December 30, 2005, Wachovia Corporation entered into an assignment and assumption agreement under which US Bank succeeded all of the rights and capacities of Wachovia with respect to Wachovia's corporate trust and institutional custody business, which included the Park Place account. US Bank thus succeeded Wachovia as trustee of the PSA trust.

As master servicer under the PSA, Wells Fargo began servicing the McCumiskey loan on February 1, 2005. On September 30, 2009, Wells Fargo referred the loan to foreclosure, and on October 14, 2009, Wells Fargo, as attorney in fact for US Bank, executed an appointment of successor trustee. Kozeny & McCubbin, L.C. was appointed as successor trustee for McCumiskey's deed of trust. On January 19, 2010, Kozeny conducted a trustee's sale for McCumiskey's property in the name of US Bank as successor-in-interest to Wachovia.

On June 22, 2010, McCumiskey filed this lawsuit for wrongful foreclosure in the Circuit Court for Jefferson County, Missouri. It was then removed to this court,

and on October 24, 2011, McCumiskey amended her complaint to a class action. Defendants filed the present motion for summary judgment, arguing that they were the holders of the note, that McCumiskey has no standing to challenge the securitization process, and that there is no private right of action under HAMP or any of the federal modification programs.

## Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings but must set forth by affidavit or other evidence specific facts showing that a genuine issue of material facts exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue of material fact. *Anderson*, 477 U.S. at 249.

In her response to defendants' motion for summary judgment, McCumiskey does not address any of defendants' substantive arguments. Rather, she argues that the motion was inappropriately raised before class certification and in contravention of the case management order, and that more discovery is needed for her to adequately respond to the motion.

I.   *Consideration of summary judgment is appropriate at this stage.*

As a preliminary matter, the second amended case management order expressly allowed for the filing of dispositive motions before the class certification stage. Paragraph three provides, "Defendants currently have a deadline of **November 28, 2011** to file responsive pleadings. If Defendants file a dispositive motion instead of an answer . . ." Docket No. 89 para. 3 (emphasis in original). The first discovery deadline for the class certification phase was not until June 1, 2012. *Id.* para. 5(a). Defendants' motion was thus in compliance with the operative case management order.

Additionally, although it is true that Rule 23 requires class certification to be determined "at an early practicable time," Fed. R. Civ. P. 23, there is no absolute rule that it must be decided before considering a motion for summary judgment. *See Schweizier v. Trans. Union Corp.,* 136 F.3d 233, 239 (2nd Cir. 1998) ("There is nothing in Rule 23 which precludes the court from examining the merits of

plaintiff's claims on a . . . Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification.") (internal citations and quotations omitted). The Eighth Circuit has affirmed district courts' grants of summary judgment that occurred before ruling on class certification. *See, e.g., Ince v. Aetna Health Mgmt., Inc.*, 173 F.3d 672, 674 (8th Cir. 1998). When, as here, the issue for summary judgment is whether any viable claim exists – rather than whether the case could be maintained as a class action – the district courts maintain discretion to decide the summary judgment question before class certification. *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (citing Fed. R. Civ. P. 23; *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)).

Defendants' motion comports with the case management order and with the controlling law, both of which allow for deciding summary judgment of the type at issue here before class certification. Deciding this motion for summary judgment is appropriate at this stage of litigation.

*II.  Plaintiff has failed to show how discovery would rebut summary judgment.*

McCumiskey, citing Rule 56(d), argues that the motion for summary judgment should be denied or deferred pending the completion of discovery. Rule 56(d) states, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1)

defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. Under the rule, the nonmovant carries the burden to identify "specific facts that further discovery might uncover and show how those facts would rebut" the motion. *Chambers v. Travelers Cos., Inc.*, 668 F.3d 559, 568 (8th Cir. 2012).[2] McCumiskey filed an affidavit of her attorney, John Campbell, delineating the additional discovery being requested.

In her class action complaint, McCumiskey makes four main claims: (1) that the notes were not held by the PSA trust, (2) that the terms of the deed of trust were not followed, (3) that defendants were estopped from foreclosing, and (4) that the notes were unsecured and the loan documents not properly recorded. The additional discovery requested in Campbell's affidavit would be futile with regard to all of McCumiskey's claims.

In alleging that the notes were not held by the trust, McCumiskey claims that the transfer of the McCumiskey loan from Argent to Ameriquest to the trust did not comply with the PSA requirements. "A judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid

---

[2] In 2010 the rules were amended so that what was previously 56(f) is now 56(d).

due to noncompliance with a pooling and servicing agreement." *Metcalf v. Deutsche Bank Nat. Trust Co.*, No. 3:11CV3014D, 2012 WL 2399369, at *4 (N.D. Tex. June 26, 2012) (quoting *In Re Walker*, 466 B.R. 271, 284-85 nn. 28-29 (Bankr. E.D. Pa. 2012)); *see, e.g., Greene v. Home Loan Servs., Inc.*, No. 9-719 DWF, 2010 WL 3749243, at *4 (D. Minn. Sep. 21, 2010).[3] McCumiskey thus lacks standing to challenge the assignment of the notes since her claims are based on challenging the transfers' compliance with the PSA.

McCumiskey also claims the terms of the deed of trust were not followed. The McCumiskey deed named "Argent Mortgage Company" as the "Lender," and provided that, "Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which that Security Instrument is recorded." Docket No. 1-3 at 13. McCumiskey thus argues that only Argent can appoint a successor trustee, and so Kozeny's appointment as successor trustee by Wells Fargo violated the terms of the deed.

---

[3] In *Ball v. Bank of N.Y.*, No. 4:12CV144 NKL, 2012 WL 6645695 (W.D. Mo. Dec. 20, 2012), the District Court for the Western District of Missouri recently held that a plaintiff may have standing in some instances to challenge alleged noncompliance with a PSA because the plaintiff could be subject to multiple enforcements and thus prejudiced. *Id.* at *5. However, even if I adopted the holding of *Ball* – which, as noted above, is the minority position among district courts – the facts here more closely align with *In re Washington*, 468 B.R. 846 (Bankr. W.D. Mo. 2011). *In re Washington* held that because the defendant possessed the note, endorsed in blank, it could enforce the note regardless of compliance with the PSA. *Id.* at 853.

In *Horvath v. Bank of New York, N.A.*, 641 F.3d 617 (4th Cir. 2011), the Fourth Circuit clearly articulated why this argument is unavailing:

> [The Deed] allows for the "Note or a partial interest in the Note (together with this Security Instrument) [to] be sold one or more times without prior notice to" [Borrower]. This provision establishes that . . . Lender – may sell its entire interest in the deed of trust to another party. But if [Borrower's] reading of the deed of trust is correct, the purchaser would be paying for a worthless document, as the purchaser would have absolutely no power to administer or enforce the deed of trust. After all, to the extent [Borrower] argues that [Original Lender] is the *only* party who can fulfill the role of the "Lender" under the deed of trust, the purchaser would be entirely beholden to [Original Lender] – a party who, post sale, has no remaining financial stake in the deed of trust – to manage the deed of trust after the sale.
> The better reading – and the one that avoids bringing about such an absurd result – is to read the term "Lender" as applying not only to [Original Lender] but to any subsequent purchaser of the deed of trust.

*Id.* at 625. I agree with the Fourth Circuit's reading as the more logical interpretation of the deed language. Further, this interpretation is consistent with Missouri law. *See Millon v. JPMorgan Chase Bank, N.A.*, No. 11-0410-CV-W-ODS, 2012 WL 1854785, at *5 (W.D. Mo. May 21, 2012) (holding that the current holder of the note can appoint a successor trustee even where the deed of trust entitles only the "lender" to do so). McCumiskey's claim relies on an errant interpretation of the deed terms, making additional discovery futile.

Third, McCumiskey argues that defendants were estopped from foreclosing while purporting to be in the process of approving modifications of loans. Much of

this argument seems to be predicated on defendants' participation in federal loan modification programs. Docket No. 81 at 11-12 ("Defendants availed themselves of various Federal programs . . ."). A majority of courts have held that these programs do not provide a private right of action for borrowers. *See, e.g., Dugger v. Bank of America*, No. 1:10Cv76 SNLJ, 2010 WL 3258383, at *2 (E.D. Mo. Aug. 16, 2010); *Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012).

To the extent that McCumiskey's estoppel claims do not rely on the federal loan modification programs, they fail as a matter of law.[4] Promissory estoppel contains four elements: (1) a promise; (2) on which a party relies to his or her detriment; (3) in a way the promisor expected or should have expected; and (4) resulting in an injustice that only enforcement of the promise could cure. *Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 535 (Mo. Ct. App. 2011). McCumiskey's second amended class action complaint does not plead any facts indicating a promise by defendants, let alone the remaining elements of promissory

---

[4]Defendants also argue that McCumiskey's estoppel claim is barred by the statute of frauds, relying on *Bancorpsouth Bank v. Paramont Prop., LLC*, 349 S.W.3d 363 (Mo. Ct. App. 2011). This is incorrect. *Bancorpsouth* holds that the statute of frauds bars estoppel claims in the Missouri *commercial* credit statute of frauds, relying on the broad language of that statute. *Id.* at 367 (citing Mo. Rev. Stat. § 432.047.2). This non-commercial case, however, is guided by Section 432.045, which does not contain the same broad language of Section 432.047. Promissory estoppel is thus a valid exception to the statute of frauds governing this case. *See Mika v. Central Bank of Kansas City*, 112 S.W.3d 82, 88-90 (Mo. Ct. App. 2003).

estoppel. Any additional information gained through discovery would not cure this defect. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) (holding that plaintiff could not raise a fact at summary judgment which was not contained in his complaint).

Finally, McCumiskey alleges that the notes were unsecured because the PSA split the notes and the deeds, and the transfers were not properly recorded. However, according to Missouri law, "If the note is properly assigned, the deed of trust automatically goes with it, and the note is not split from the deed of trust." *Overton v. Wells Fargo Bank, N.A.*, No. 4:11CV1957 JAR, 2012 WL 2326117, at *3 n.5 (E.D. Mo. June 19, 2012) (quoting *In Re Box*, No. 10-20086, 2010 WL 2228289, at *6 (Bkrtcy. W.D. Mo. June 3, 2010)). Furthermore, since a deed of trust securing a negotiable note passes with it, "a party entitled to enforce a note is also entitled to enforce the deed of trust securing that note, regardless of whether that transfer is recorded." *Singleton v. Wells Fargo Home Mortgage*, No. 12-0230-CV-W-ODS, 2012 WL 1657345, at *2 (W.D. Mo. May 9, 2012) (quoting *In re Washington*, 468 B.R. 846, 853 (Bkrtcy. W.D. Mo. 2011)). US Bank was entitled to enforce the McCumiskey note since it held that note endorsed in blank. *See In re Knigge*, 479 B.R. 500 (B.A.P. 8th Cir. 2012). US Bank was thus also entitled to enforce the deed of trust securing that note, regardless of whether the transfer had been recorded.

*See id.*; *see also Singleton*, 2012 WL 1657345, at *2.

McCumiskey cites a long list of discovery she claims is needed to respond to defendants' motion for summary judgment. She fails, however, to show how any of that would rebut defendants' showing of the absence of genuine issues of material fact. *See Chambers v. Travelers Cos., Inc.*, 668 F.3d 559, 568 (8th Cir. 2012).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for leave to file a notice of supplemental authority in support of summary judgment [#117] is granted.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment [#99] is granted.

<br>

                                      CATHERINE D. PERRY
                                      UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2013.